IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LESLIE UEKI,<br><br>Defendant. | Case No. 08-cr-00715-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Approximately twelve years into his twenty-year sentence, Leslie Ueki ("Defendant") asks the Court to reduce his sentence to time served because his medical conditions, coupled with the COVID-19 pandemic, present extraordinary and compelling circumstances warranting such a reduction. For the reasons set forth below, the Court disagrees, and the motion is DENIED.

## RELEVANT BACKGROUND

On July 17, 2009, Defendant pled guilty to methamphetamine distribution-related offenses. Dkt. Nos. 29, 30. Defendant was sentenced to twenty-two years imprisonment and ten years of supervised release. Dkt. No. 36. In 2015, this Court reduced Defendant's imprisonment term to twenty years based on retroactive changes to the sentencing guidelines. Dkt. No. 46.

On September 14, 2020, Defendant filed a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("compassionate release motion").  Dkt. 48.  Defendant argues his age and medical conditions—hypertension, sleep apnea, chronic Hepatitis C, an endo/lipid problem, and lung scarring from a bout of coccidioidomycosis—in light of the COVID-19 pandemic present extraordinary and compelling reasons warranting release.  *Id.*  On September 28, 2020, the Government filed a response opposing any sentence reduction, Dkt. Nos. 53, 55, to which Defendant replied on October 1, 2020, Dkt. No. 54.

This order follows.

## LEGAL STANDARD

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)).  Such circumstances must be "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."  *See* 18 U.S.C. § 3582(c)(1)(B); *see also Dillon*, 560 U.S. at 827, 831; *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).

Congress carved out one such circumstance in 18 U.S.C. § 3582(c)(1)(A)(i). A court may "modify a term of imprisonment" upon an inmate's motion if:

1.  the inmate exhausted "all administrative rights to appeal a failure of the [BOP] to bring a motion" on his behalf or 30 days has lapsed since the relevant warden received a request to do so;

2.  the inmate has established that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable [Sentencing Commission] policy statements";

3.  the court considers the sentencing factors set forth in 18 U.S.C. §3553(a) and finds the inmate is "not a danger to the safety of any other person or the community," as provided under 18 U.S.C. § 3142(g).

*See* 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. § 1B1.13 (policy statement).  The inmate bears the burden of establishing the requirements for a sentence reduction by a preponderance.  *See, e.g.*, *United States v. Sprague*, 135 F.3d 1301, 1306–07 (9th Cir. 1998); *see also Walton v. Arizona*, 497 U.S. 639, 650 (1990) (a defendant's due process rights "are not violated by placing on him the burden of proving mitigating circumstances sufficiently substantial to call for leniency"), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584, 609 (2002).

## **DISCUSSION**

The parties dispute only the second and third requirements detailed above.[1] As explained below, because Defendant fails to demonstrate an extraordinary and compelling reason justifying a sentence reduction, the Court does not reach the third requirement.

---

[1] The Government concedes Defendant satisfies the exhaustion requirement.  Dkt. No. 55 at 13.

## I.   <u>Extraordinary and Compelling Reasons</u>

Section 3582(c)(1)(A)(i) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" (the "Commission").  As this Court has explained, it is bound by the Commission's Commentary in U.S.S.G. § 1B1.13 regarding what constitutes an "extraordinary and compelling" reason warranting a sentence reduction.  *See, e.g.*, *United States v. Aruda*, No. 14-CR-00577-DKW, 2020 WL 4043496, *2–*4 (D. Haw. July 17, 2020).[2]

Accordingly, the Court applies the following framework to determine whether COVID-19 presents extraordinary and compelling reasons to grant a reduction in sentence:

> [A]n inmate must necessarily establish the following three elements by a preponderance of the evidence: (1) the inmate is "suffering from a terminal illness," or a "serious" physical or cognitive condition; (2) that condition puts the inmate at a high risk of becoming seriously ill from COVID-19; and (3) if the inmate were to contract COVID-19, the inmate's ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and the inmate would "not [be] expected to recover."

---

[2]Defendant's argument to the contrary, that this Court may independently determine what "other reasons" constitute "extraordinary and compelling" reasons warranting a sentence reduction, *see* Dkt. No. 48 at 11–12, Dkt. No. 54, was discussed at length and expressly rejected in *Aruda*. 2020 WL 4043496, at *2–5; *see also United States v. Kealoha*, No. 04-CR-00265-DKW, 2020 WL 3735773, *5–6 (D. Haw. July 6, 2020).  To the extent the Second Circuit has held to the contrary, *see United States v. Brooker*, 2020 WL 5739712 (2d Cir. Sept. 25, 2020), this Court does not agree.

*United States v. Kazanowski*, No. 15-CR-00459-DKW-5, 2020 WL 3578310, at *7 (D. Haw. July 1, 2020) (alterations in original) (quoting U.S.S.G. §1B1.13 n.1(A)). Defendant fails on the last two elements.

The Court recognizes Defendant's medical records show he suffered from coccidioidomycosis in 2016 that has left him with some lung scarring. Dkt. Nos. 56-2, 56-3. Defendant is also a Hepatitis C carrier,[3] has an endo/lipid problem, and suffers from obstructive sleep apnea and hypertension. Dkt. No. 56-1. As the Government points out though, Dkt. No. 55 at 15, none of these conditions is recognized by the CDC as presenting an increased risk of serious illness upon contracting COVID-19.[4] At most, the CDC recognizes hypertension as a potential risk factor.

Defendant also contends that his age alone—sixty-seven—puts him at an increased risk of a severe reaction to COVID-19.[5] Dkt. No. 48 at 3. Even were that true, Defendant has not demonstrated that there is "a high risk of contracting the

---

[3]Defendant argues that being a Hepatitis C carrier can lead to a compromised immune system and liver disease. Dkt. No. 48 at 3–5. But, as the Government notes, Dkt. No. 55 at 15–16, there is no evidence Defendant's immune system is compromised or that he has liver disease.

[4]*See Coronavirus Disease 2019 (COVID-19): People at Increased Risk for Severe Illness – People with Certain Medical Conditions*, CDC (updated Oct. 6, 2020) https://www.cdc.gov/coronavirus /2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 7, 2020).

[5]*See Coronavirus Disease 2019 (COVID-19): People at Increased Risk for Severe Illness –Older Adults*, CDC (updated Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last visited Oct. 7, 2020) (explaining "[a]s you get older, your risk for severe illness from COVID-19 increases" and eight out of ten COVID-related deaths in the United States are individuals over the age of 65).

virus because of the number of positive COVID-19 cases at the facility where he is housed." *See, e.g.*, *United States v. Rodrigues*, No. 16-CR-00529-DKW, 2020 WL 5351029, *5 (D. Haw. Sept. 4, 2020). Only seven inmates at FCI Sheridan, where Defendant is housed, have ever tested positive for the virus.[6] Currently, there are ***none***: ***zero*** inmates and ***zero*** staff testing positive.[7] This is down even from the five active cases reported by Defendant when he filed his compassionate release motion on September 14, 2020. Dkt. No. 48 at 14. Of course, this does not mean these conditions present no risk. Indeed, the risk at FCI Sheridan and other BOP facilities may be more than nominal. But Defendant is tasked with presenting "extraordinary and compelling" reasons for this Court to effectively reduce his sentence by more than eight years. These facts simply fail to meet that bar.

Moreover, even if there was a more significant risk of Defendant contracting the virus at FCI Sheridan, he has failed to demonstrate that his ability "to provide self-care within the . . . correctional facility" would be "substantially diminishe[d]" and he would "not [be] expected to recover." *See* U.S.S.G. § 1B1.13 n.1(A). Defendant admits that his medical conditions are well-managed at FCI Sheridan. Dkt. No. 48 at 11 ("It is true that [Defendant's] various conditions are being treated

---

[6] *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020). On this public website containing the coronavirus-related data for BOP facilities, the BOP notes that it "update[s] the open COVID-19 confirmed positive test numbers, recoveries, and the number of COVID-19 related deaths daily at 3:00 p.m." *Id.*

[7] *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020).

and appear, to the extent possible, to be under control.").[8]  Defendant argues the Court should not consider how Defendant is now but must imagine how the Defendant would fare if he contracted the virus.  Dkt. No. 48 at 11.  This is, of course, something the Court considers in all COVID-19-related compassionate release cases.  But it is not an abstract imaginative exercise.

Ultimately, Defendant bears the burden of presenting evidence demonstrating that if he contracted the virus, he could not provide self-care and would not be expected to recover at the facility.  How Defendant is coping with his medical conditions now—*i.e.*, without the virus—is relevant to (1) the quality of care he is receiving at the facility and (2) how he would be expected to respond to the virus.  The only other evidence of whether Defendant would be expected to recover is the fact that zero COVID-19-related deaths have been reported at FCI Sheridan.[9]  While the fact that Defendant's medical conditions are well-managed and there have been no deaths at his facility is not conclusive, it is evidence the

---

[8]Though Defendant does not argue it, the Court recognizes Defendant's age—even without the presence of COVID-19—may present an extraordinary and compelling reason warranting a sentence reduction under U.S.S.G. § 1B1.13 n.1(B).  If a defendant (1) is at least 65 years old, (2) has served at least 10 years or 75 percent of his sentence, and (3) demonstrates he "is experiencing a serious deterioration in physical or mental health because of the aging process," he may be entitled to relief.  *Id.*  Defendant objectively meets the first two requirements. However, he admits his medical conditions are well-managed and presents no information even suggesting that he is experiencing "serious" physical or mental deterioration due to the aging process.  *See generally* Dkt. No. 48.  Thus, Defendant fares no better with Section 1B1.13 n.1(B).

[9]*COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited Oct. 7, 2020).

facility is equipped to treat him, should he contract the virus. Certainly, Defendant has presented no evidence to the contrary.

Because Defendant has not carried his burden of showing that there are "extraordinary and compelling reasons" justifying his early release under 18 U.S.C. § 3582(c)(1), he is not entitled to a sentence reduction.[10]

## CONCLUSION

For the reasons set forth herein, Defendant's motion for compassionate release, Dkt. No. 48, is DENIED.

IT IS SO ORDERED.

DATED: October 8, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*United States v. Leslie Ueki*, No. 08-CR-00715-DKW, **ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

---

[10]Because Defendant failed to present an extraordinary and compelling reason justifying a sentence reduction, the Court need not consider the 18 U.S.C. § 3553(a) sentencing factors or whether Defendant presents a danger to the community.