IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| UNITED STATES OF AMERICA, | Case No. 08-CR-00715-DKW |
|---|---|
| Plaintiff, | **SECOND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |
| v. | |
| LESLIE UEKI, | |
| Defendant. | |

After remand from the Ninth Circuit Court of Appeals for reconsideration of Defendant Leslie Ueki's motion to reduce sentence in light of the Circuit's guidance in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), Ueki argues that this Court should grant his motion after reviewing "the totality of pertinent circumstances," which include his age and health issues, the coronavirus pandemic, the "limits in jails and prisons" of vaccination, and changes in the law. Having considered "the totality of pertinent circumstances" presented in his supplemental briefing, the Court again DENIES the motion to reduce sentence. As more fully set forth below, given the extremely low number of coronavirus cases at Ueki's place of incarceration and his vaccination status, the Court does not find any reason to reduce his sentence for health or other medical reasons. The Court also does not find that changes in the law warrant any reduction.

# RELEVANT PROCEDURAL BACKGROUND

On October 27, 2009, Ueki was sentenced to a mandatory minimum sentence of 240 months' imprisonment after pleading guilty to distribution of 50 grams or more of methamphetamine and after the application of a Section 851 Special Information established a prior drug conviction for purposes of enhanced sentencing. Dkt. Nos. 36, 37, 46; 21 U.S.C. §§ 841(b)(1)(A), 851.

On September 14, 2020, Ueki filed a motion to reduce sentence pursuant to 18 U.S.C. Section 3582(c)(1)(A)(i) ("motion"). Dkt. No. 48. This Court denied the motion on October 8, 2020, finding that Ueki had failed to show extraordinary and compelling reasons for reducing his sentence. Dkt. No. 57. Ueki appealed that determination, Dkt. No. 58, and, on May 14, 2021, the Ninth Circuit vacated and remanded the denial of the motion, Dkt. No. 65. The Circuit did so because it determined that this Court relied on the policy statement for U.S. Sentencing Guideline 1B1.13, which it concluded in *Aruda* could "inform" a district court's decision but was not binding. *Id.* at 2 (quotation omitted).

Upon issuance of the mandate, this Court provided the parties with an opportunity to supplement the record. Dkt. No. 67. On June 21, 2021, Ueki did so. Dkt. No. 68. The government did not file any supplemental briefing with respect to the same. This order follows.

## **LEGAL STANDARD**

Pursuant to Section 3582(c), a court may not modify a term of imprisonment, except, as pertinent here, if: (1) the defendant exhausts administrative rights to the extent set forth in the statute; (2) the Court considers the factors set forth in 18 U.S.C. Section 3553(a); and (3) the Court finds "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).[1]

## **DISCUSSION**

In his supplemental briefing, Ueki argues that this Court should either "release him or reduce his total sentence to 15 years." Dkt. No. 68 at 10. Those reasons include his alleged health issues, his age, the pandemic itself, the "limits in jails and prisons" of vaccination, and changes in the law. *Id*. at 7-11.[2] The Court finds none of these reasons warrant a reduction of sentence in this case.

First, as the Court discussed in the October 8, 2020 Order, none of Ueki's health conditions is recognized by the CDC as presenting an increased risk of

---

[1] The statute also requires that a sentence reduction be "consistent with applicable policy statements" of the U.S. Sentencing Commission, but the Ninth Circuit has concluded that no such policy statement exists for motions brought by a defendant under Section 3582(c)(1)(A). *Aruda*, 993 F.3d at 802.

[2] Ueki also argues—in fact, spends the majority of his brief arguing—that this Court should reject the commentary to Sentencing Guideline 1B1.13. Dkt. No. 68 at 3-7. Ueki does so despite the Ninth Circuit expressly stating in *Aruda* that the guideline may "inform" a district court's discretion. *Aruda*, 993 F.3d at 802. In any event, herein, the Court simply "exercise[s] its discretion" that Defendant seeks to ascribe to it in resolving the instant motion. Dkt. No. 68 at 7.

serious illness upon contracting COVID-19. Dkt. No. 57 at 5. At most, the CDC recognizes hypertension as a *potential* risk factor. Additionally, even if Defendant's age—sixty-seven—puts him at an increased risk of severe disease should he contract COVID-19, this risk is outweighed by several facts. Most significantly, Ueki has been fully vaccinated against the virus. Dkt. No. 68 at 7. He is not alone. As of the date of this Order, the Bureau of Prisons (BOP) reports that 883 of the 1535 inmates, along with 197 staff at FCI Sheridan, where Ueki is housed, are vaccinated.[3] Whether due to this vaccination effort or otherwise, the number of COVID-19 infections at Ueki's facility is extremely low. As of this order, BOP reports just five inmates and five staff as currently infected.[4]

Given the infection and vaccination rates at Ueki's facility, his chances of being infected with COVID-19 are extremely low.[5] And now that he has been vaccinated, even accounting for his age and health conditions, his chances of having a severe reaction to the virus is likewise extremely low.[6] Put simply, given

---

[3] *COVID-19 Coronavirus: COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus/ (last visited June 28, 2021).
[4] COVID-19 Coronavirus: COVID-19 Cases, BOP, https://www.bop.gov/coronavirus/ (last visited June 28, 2021).
[5] *Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, FDA, https://www.fda.gov/media/144416/download (last visited June 28, 2021) (explaining that the vaccine was 95% effective in preventing COVID-19).
[6] A test conducted by Pfizer and BioNTech found that the vaccine was 100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control and Prevention and 95.3% effective in preventing severe disease as defined by the U.S. Food and Drug Administration. *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns Through Up to Six Months Following Second Dose in Updated Topline Analysis of Landmark COVID-19 Vaccine Study*, Pfizer (last updated April 1, 2021),

4

the low number of reported coronavirus cases at FCI Sheridan and Ueki's vaccination status, the Court does not find that his health conditions combined with the pandemic constitute reasons for reducing his sentence.

Second, throwing the changes in the law into the mix does nothing to change the calculus. Assuming for argument's sake that such changes might provide support, in conjunction with other reasons, for a sentence reduction under Section 3582(c)(1)(A)(i), in this case they do not. Specifically, the Court does not find the non-retroactive reduction in the mandatory sentence from 20 years to 15 years to constitute a reason for reducing his sentence in a manner that Congress has declined to do. Instead, the Court continues to find the sentence that was imposed appropriate under all of the circumstances.

Accordingly, Ueki's motion to reduce sentence, Dkt. No. 48, is DENIED.

IT IS SO ORDERED.

DATED: June 28, 2021 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

*United States v. Ueki*, Criminal No. 08-00715-DKW; **SECOND ORDER DENYING MOTION TO REDUCE SENTENCE**

---

https://www.pfizer.com/news/press-release/press-release-detail/pfizer-and-biontech-confirm-high-efficacy-and-no-serious (last visited June 28, 2021).